**IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **EDUARDO NAVEJAR (R-34701),** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 09 C 5029** |
| | ) | |
| | ) | **Judge Virginia Kendall** |
| **Dr. PARTHA GHOSH and** | ) | |
| **Dr. LIPING ZHANG,** | ) | |
| | ) | |
| **Defendants.** | ) | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Eduardo Navejar ("Plaintiff"), currently incarcerated at the Menard Correctional Center, brought this 42 U.S.C. § 1983 action against two doctors associated with the Stateville Correctional Center. Plaintiff alleges that Dr. Liping Zhang and Dr. Partha Ghosh acted with deliberate indifference regarding Plaintiff's back condition while he was incarcerated at Stateville in 2008. The Defendants have separately filed motions to dismiss, each contending that Plaintiff fails to state a claim, and have also jointly moved for summary judgment asserting that Plaintiff failed to exhaust his administrative remedies. During the summary judgment briefing, Defendants also moved to strike portions of Plaintiff's Rule 56.1 statements. For the following reasons, the Court grants the motions to dismiss and denies as moot the motions for summary judgment and to strike Plaintiff's Rule 56.1 responses.

**I.    Facts**

Plaintiff attached a number of medical and grievance records to his Complaint. Those records and his Complaint allege that he is currently incarcerated at the Menard Correctional Center, that prior to Menard, he was incarcerated at the Pontiac Correctional Center; before Pontiac, he was incarcerated at the Stateville Correctional Center from November 2004 to December 2008; and before November 2004, he was housed at the Cook County Jail. (R. 25, Defs.' Rule 56.1 Statement, ¶¶ 1, 5; R. 36, Pl.'s

Rule 56.1 Statement, ¶¶ 1, 5.) A 2002 report of a medical examination of Plaintiff at Cermak Health Services indicated that he had degenerative disc disease in his lower lumbar area. (R. 1, Medical Report dated 6/28/02 attached to Complaint, 6.) Records from Cermak Health Services (mainly Progress Notes) show several complaints of back pain from Plaintiff in 2002, 2003, and 2004. (R. 1-1, Cermak Progress Notes attached to Complaint, 18-23.)

Progress Notes from Stateville reflect notations regarding Plaintiff's back began in April 2008. On April 23, 2008, a physician's assistant noted that Plaintiff was having back pains and had indicated having back pains for years. The physician's assistant asked Plaintiff why he had not reported such pain since his incarceration at Stateville in November 2004. Plaintiff responded that he had recently received a copy of the 2002 report stating that he had degenerative disc disease and that he now wanted an MRI or CT scan. (R. 1-1, Stateville Progress Notes attached to Complaint, 24.) The notes further state that an examination by the physician's assistant revealed "gait normal without disturbance, [Plaintiff] appears to be in no acute distress" and no spasms to the C-spine, T-spine, and L-spine regions. (*Id.* at 25.) X-rays of the T-spine and L-spine areas were ordered. (*Id.* at 33.) Plaintiff received Tylenol and an analgesic balm for pain following his April 23, 2008, examination. (R. 1-1, Prescription Order, 30.)

On May 10, 2008, Dr. Zhang examined Plaintiff and discussed the results of the x-rays, which were normal. (R. 1-1, Stateville Progress Notes, 26, 33.) Dr. Zhang noted that Plaintiff complained of back pains, that there was "no local tenderness, no edema, no bony deformity, left shoulder is lower with Scoliosis seen. X-ray of T-spine, L-spine both negative. Gait stable. A chronic back pain." (*Id.*) Dr. Zhang prescribed muscle relaxers and advised Plaintiff to do back strengthening exercises and use hot compresses. (*Id.*) Also on May 10, 2008, apparently after the visit with Dr. Zhang, Plaintiff wrote a letter to Dr. Ghosh, stating that Dr. Zhang was offended when Plaintiff asked her whether she was

a doctor or a physician's assistant. Plaintiff stated that the medications he was taking (at that time Tylenol and the analgesic balm) were not working. (R. 1, Complaint, 27.) On May 11, 2008, Plaintiff sent a letter to Dr. Zhang, stating that he hoped that he had not offended her when he asked her if she was a doctor or when he questioned her about whether her prescribed treatment (muscle relaxers, hot baths, and stretching exercises) would work. Plaintiff stated that he did not have a chance to tell her during their visit that he wanted to do the prescribed treatment. (*Id.* at 28.) Prescription records show that Plaintiff received Robaxin (a muscle relaxer) per Dr. Zhang's order on May 10, 2008. (R. 1-1, Prescription Order attached to Complaint, 31.)

Plaintiff was again examined by Dr. Zhang on August 30, 2008. The Progress Notes entry of that date states that Plaintiff complained of back pain radiating to his left testicle. The notes state that there was no acute damage to Plaintiff's back, that his gait was steady, and that Dr. Zhang sought to rule out kidney stones. (R. 1-1, Progress Notes attached to Complaint, 28.) She ordered more x-rays of the lumber spine, specifying both the presence of back pain and possible kidney stones. The x-rays were negative. (*Id.* at 34.)

Prescription records from Stateville show that Plaintiff was prescribed a muscle relaxer (Robaxin) and pain medication (Motrin and Tylenol) from May 2008 through October 2008. (*Id.* at 29-32.) Plaintiff was transferred from Stateville in December 2008.

The record contains two grievances from Plaintiff while he was at Stateville. The first grievance is dated June 18, 2008, and states that Dr. Zhang was incorrect when she told Plaintiff that her examination and x-rays revealed no degenerative disc disease. (R. 1, 6/18/08 Grievance attached to Complaint, 17-18.) Plaintiff's next grievance is dated August 18, 2008, and states that he had not had a doctor's visit since May 10, 2008, that he continued to have back pains, and that he had made several requests for medical attention to a nurse in his prison unit. (R. 1, 8/18/08 Grievance attached to

Complaint, 19.)  Both grievances were referred by the prison counselor to the health care unit with a

note that the counselor could not respond to the grievances.  (*Id.* at 17-19.)  The record contains no

responses by the Health Care Unit to the grievances.  On February 9, 2009, after he was transferred out

of Stateville, Plaintiff submitted another grievance stating that he never received a response from the

Health Care Unit.  (R. 1-1, Copy of 2/9/09 Grievance, 8.)  A March 16, 2009, letter from a Stateville

counselor states that Plaintiff's June and August 2008 grievances were submitted to the Health Care

Unit, and that there is a long wait for responses.  (*Id.* at 14.)  The affidavit from Stateville Chairperson

of the Office of Inmate Issues Sherry Benton indicates that the Administrative Review Board ("ARB")

did not receive Plaintiff's June 18 and August 18, 2008, grievances until February 3, 2009, when

Plaintiff submitted them to the ARB.  (R. 25-2, Defs.' Rule 56.1 Statement, Sherry Benton's Aff., 3.)

### III.    Motion to Dismiss

Dr. Ghosh and Dr. Zhang have filed separate motions to dismiss.  Dr. Ghosh argues that

Plaintiff fails to state how Dr. Ghosh was involved with the alleged inadequate treatment of Plaintiff's

back pains. (R. 15.) Dr. Zhang contends that Plaintiff's complaint and its attachments demonstrate that

Plaintiff does not allege deliberate indifference, but at most negligence or a disagreement about Dr.

Zhang's treatment.  (R. 17.)  Both Defendants are correct.

#### a.  Standard of Review

When considering a motion to dismiss, this court assumes to be true all well-pleaded allegations

and views the alleged facts, as well as any inferences reasonably drawn therefrom, in a light most

favorable to the plaintiff.  *Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir.

2000).  The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the

merits of its claims, or determine a plaintiff's ability to succeed on his claims.  *Weiler v. Household

Finance Corp.*, 101 F.3d 519, 524 n.1 (7th Cir. 1996).  Under the notice pleading requirement, a

complaint need only state a federal claim and provide the defendants with sufficient notice of the claim, including the grounds upon which the claim rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint, however, must at least "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" *E.E.O.C. v. Concentra Health Services, Inc.,* 496 F.3d 773, 776 -77 (7th Cir. 2007). A complaint must do more than recite the elements of a cause of action, and a court need not accept mere labels and legal conclusions as factual allegations. *Bell Atlantic*, 550 U.S. at 555. Nor must a court presume facts not alleged. *Id.* Additionally, if a plaintiff pleads facts demonstrating that he has no claim, a court may dismiss the complaint. *McCready v. eBay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006). A court may consider documents attached to the complaint as part of the complaint. Such documents may permit the court to determine that the plaintiff has not stated a claim. *Reger Development, LLC v. National City Bank*, 592 F.3d 759, 764 (7th Cir. 2010); *Massey v. Merrill Lynch & Co., Inc.*, 464 F.3d 642, 645 (7th Cir. 2006).

### b. Deliberate Indifference to Serious Medical Needs

Plaintiff seeks to assert that Dr. Zhang and Dr. Ghosh acted with deliberate indifference to Plaintiff's medical needs. Inmates have a constitutional right to receive adequate medical treatment. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials violate this right when they display "deliberate indifference to serious medical needs of prisoners." *Johnson v. Doughty*, 433 F.3d 1001, 1010 (7th Cir. 2006). A deliberate indifference claim involves both (1) an objective component – Plaintiff's medical condition must have been objectively serious, and (2) a subjective component – the Defendants must have actually known of the condition yet consciously disregarded it. *Id.*

"It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Id.* at1013. Mere dissatisfaction or disagreement with a doctor's course of treatment is insufficient. *Id.* For a medical professional to be liable for deliberate

indifference, "he must make a decision that represents 'such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment.'" *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008), quoting *Sain v. Wood*, 512 F.3d 886, 895 (7th Cir. 2008). Nevertheless, a plaintiff states a claim of deliberate indifference if the medical professional knew of or it was obvious that the plaintiff required a particular treatment and the professional deliberately disregarded such treatment. *Jackson*, 541 F.3d at 697.

### c. Dr. Ghosh

As noted above in the discussion of the facts, Plaintiff's claims of deliberate indifference mainly involve the treatment he received from Dr. Zhang. The only mention of Dr. Ghosh in Plaintiff's complaint is: "Dr. Ghosh is a doctor at the Stateville Correctional Center, and as such is in charge of administering medical treatment to inmates at the facility, and the medical treatment is to be given without Deliberate Indifference and must be adequate." (R. 1, Complaint, 1 (emphasis in complaint)). In his response to the motion to dismiss, Plaintiff states that Dr. Ghosh failed to respond to letters and requests for medical attention, (R. 37, Pl.'s Response, 3.), but the attachments to Plaintiff's complaint reveal that Plaintiff sent only one letter to Dr. Ghosh. (R. 1, Complaint, 27.)

A pleading that offers only "labels and conclusions" does not sufficiently state a claim. *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009). To state a claim of deliberate indifference, Plaintiff must assert that the Defendant was personally involved in some way. There is no respondeat superior liability under § 1983. *Perkins v. Lawson*, 312 F.3d 872, 875 (7th Cir. 2002). When Plaintiff initiated this suit, he named not only Drs. Ghosh and Zhang, but also two Stateville wardens and the Illinois Department of Corrections (IDOC) Director, who were dismissed because it was clear that they were not personally involved. Although the court allowed the complaint to proceed against Dr. Ghosh, further review of

Plaintiff's allegations and the attachments to his complaint reveal that, like the wardens and IDOC director, Dr. Ghosh was not personally involved. Plaintiff's complaint allegation – that Dr. Ghosh's role was to ensure that inmates receive adequate medical treatment – indicates that Dr. Ghosh was named only in his supervisory role. (R. 1, Complaint, 1-3.) Although Plaintiff states in his response to the motion dismiss that he wrote to Dr. Ghosh about Plaintiff's need for medical attention, (R. 37, Pl.'s Response, 3.), the one letter from Plaintiff to Dr. Ghosh indicates no personal involvement by Dr. Ghosh. Plaintiff sent his letter to Dr. Ghosh on May 10, 2008, after Plaintiff's visit with Dr. Zhang on that same date. (R. 1, Complaint, 27.) Plaintiff expressed his concern that, because he thought he offended Dr. Zhang, he feared that he would not receive Dr. Zhang's prescribed treatment. (*Id.*) Prescription records show that Plaintiff was given a new prescription for muscle relaxers on May 10, 2008. (R. 1-1, Prescription Records, 31.) There was thus nothing for Dr. Ghosh to do at the time of the May 10, 2008, letter.

The complaint, the medical records attached to the complaint, and the one letter to Dr. Ghosh (also attached to the complaint) demonstrate that Plaintiff's claim against Dr. Ghosh is for his supervisory role and not for his personal involvement. Such a claim is not cognizable in a § 1983 suit. *Perkins*, 312 F.3d at 875. To the extent Plaintiff contends that Dr. Ghosh was personally involved, Plaintiff has alleged only "naked assertion[s]" that are "devoid of further factual enhancement" *Bell Atlantic*, 550 U.S. at 557. Accordingly, because it is apparent from the complaint and documents attached to it that Plaintiff does not have a claim against Dr. Ghosh, the court grants Dr. Ghosh's motion to dismiss and dismisses him as a Defendant.

### d. Dr. Zhang

With respect to the claims against Dr. Zhang, it is clear from Plaintiff's allegations and the records attached to his complaint that he asserts not deliberate indifference, but at most claims of

medical malpractice. Plaintiff's complaints of back pain at Stateville begin in April 2008. Plaintiff was examined by Dr. Zhang in both May 2008, 17 days after Plaintiff saw a physician's assistant, and in August 2008, shortly after he filed a grievance for additional medical attention. During the May 2008 examination, Dr. Zhang noted Plaintiff's complaints of back pains; examined him; observed no tenderness or deformities other than Scoliosis; and reviewed Plaintiff's x-rays, which were negative. Dr. Zhang prescribed medications, hot baths, and back strengthening exercises. (R. 1-1, Stateville Progress Notes, 26.) Dr. Zhang examined Plaintiff again on August 20, 2008, in response to Plaintiff's continued complaints of pain and tingling sensation radiating into his left testicle. Dr. Zhang again noted normal gait and no apparent damage to Plaintiff's back and ordered additional x-rays to again examine Plaintiff's back and to rule out kidney stones. (*Id.* at 28, 34.) The x-rays were negative. (*Id.* at 34.)

Plaintiff takes issue with Dr. Zhang's May 2008 diagnosis that he no longer suffered degenerative disc disease and her decision not to order an MRI or CT scan. (R. 39, 2; R. 1, 6/18/08 Grievance, 17-18.) Plaintiff's disagreement with Dr. Zhang's diagnosis and his insistence for an MRI or a CT scan, however, do not render Dr. Zhang's treatment deliberately indifferent. "There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses." *Jackson v. Kotter*, 541 F.3d 688, 697-98 (7th Cir. 2008). "A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court." *Id.*, *quoting Estelle v. Gamble*, 429 U.S. 97, 107 (1976).

It is apparent from the complaint and its attachments that Plaintiff can demonstrate only negligence or medical malpractice, but not deliberate indifference, with Dr. Zhang's treatment. Accordingly, the claim against Dr. Zhang is dismissed, and she is dismissed as a Defendant. The

complaint is dismissed. The dismissal is with prejudice, given that it is clear that an amended comaplint would be futile.

**IV.    Defendants' Motions for Summary Judgment and to Strike Plaintiff's Rule 56.1 Responses**

Because the court grants both Defendants' motions to dismiss, the court need not address the motion for summary judgment, which argues that Plaintiff failed to exhaust administrative remedies, or the motion to strike Plaintiff's response to the Defendants' Rule 56.1 Statement. The motion for summary judgment and motion to strike responses are thus denied as moot. If for some reason Plaintiff is able to proceed with this case, the Defendants may refile their motion for summary judgment, and they may address the procedures for seeking further administrative review when a grievance is referred for response from the health care unit, but no response is received.

**V.    Conclusion**

For the reasons stated here, Dr. Ghosh's and Dr. Zhang's motions to dismiss [15, 17] are granted. Plaintiff's claims against Drs. Ghosh and Zhang are dismissed, and the complaint is dismissed with prejudice. The Defendants' motion for summary judgment [22] and their motion to strike Plaintiff's responses to their Rule 56.1 Statement [44] are denied as moot. This case is closed.

ENTER:

Virginia M. Kendall
United States District Court Judge

DATE: May 25, 2010